**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**CHRISTOPHER DANIEL BROWN,**

              Plaintiff,

v.                                                       **Case No. 15-cv-796-pp**

**JAMES GRIFFIN,**
**NICHOLAS STEVE CERWIN, and**
**JESSICA BALLENGER,**

              Defendants.
_____

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 9), DENYING PLAINTIFF'S MOTION TO POSTPONE SCREENING (DKT. NO. 10), SCREENING PLAINTIFF'S COMPLAINT, AND DISMISSING CASE**
_____

The plaintiff, Christopher Daniel Brown, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that three Milwaukee County Assistant District Attorneys violated his civil rights while prosecuting him in a criminal case in 2014. The case comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion to appoint counsel, the plaintiff's motion to postpone screening, and for screening of the plaintiff's complaint.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated at the time he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his

1

lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 6, 2015, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $21.57. Dkt. No. 5. The court received the plaintiff's initial partial filing fee on July 27, 2015. Although the plaintiff is now out of custody, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis* because he was unable to pay the full filing fee when he filed the case. The plaintiff still must pay the $328.47 balance of the filing fee in full, however. 28 U.S.C. § 1915(b)(1). The plaintiff must submit payments to the clerk of court, and shall clearly identify the payments by the case name and number.

## II.     SCREENING OF PLAINTIFF'S COMPLAINT

### A.     Plaintiff's Motion to Postpone Screening

The plaintiff asked this court to postpone the screening process for his complaint. Dkt. No. 10. He states that his criminal appeal is still pending, and he argues that the court cannot act on a prosecutorial misconduct or malicious prosecution claim until the case is completed in state court. Id. He also suggests that his attorney for his criminal appeal has discovered more information regarding possible malicious prosecution claims that he does not yet have available to him. Id.

As the court will explain below, the court is dismissing this complaint because the plaintiff has sued people he can't sue under §1983. Whatever new theories he might seek to bring would not change that fact. Thus, the court will deny the motion to postpone screening, and will screen the plaintiff's original complaint.

B.      Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is "based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

3

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

4

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

C. Facts Alleged in the Complaint

The complaint alleges that on May 26, 2014, the plaintiff was arrested in the City of Cudahy for resisting arrest and disorderly conduct; he also had an outstanding commitment. Dkt. No. 1 at 2. Two days later, Officer Janelle Jurkiewicz and defendant Assistant District Attorney James C. Griffin filed a criminal complaint that began Milwaukee County Case Number 14CF2230. Id.

On May 29, 2014, the plaintiff had an initial hearing before a court commissioner. Id. At that hearing, defendant Assistant District Attorney Jessica A. Ballenger presented the criminal complaint based on the sworn statement of Officer Jurkiewicz. Id. The complaint charged the plaintiff with throwing bodily fluid at a public safety officer and resisting arrest. Id. The commissioner imposed $5,000 bail, and ordered that if someone posted that bail, the petitioner could be released only on the condition that he submit to 24-hour home confinement. Id.

On June 6, 2014, the plaintiff waived his preliminary hearing. Id. Assistant District Attorney Patricia Daugherty asked the court not to modify the bail, and the court denied bail modification. Id.

At an arraignment on June 19, 2014, plaintiff's criminal defense attorney argued for a modification and reduction in bail. Id. ADA Griffin argued that bail should not be reduced and represented that the plaintiff had three misdemeanor bail jumping charges. Id. The judge denied the requested bail modification. Id.

At the final pretrial on September 4, 2014, ADA Griffin produced a witness list with the names of Sergeant Glen E. Haase, Police Officer Robert Jachowicz, Alexandra Cobb, and Kelly M. Riviera. Id.

Defendant Assistant District Attorney Steve Cerwin replaced Griffin for trial on September 17, 2014. Id. at 3. Cerwin presented Sergeant Haase, Officer Jachowicz, and Alexandra Cobb as the prosecution's witnesses. Id. Cerwin did not produce the complaining witness. Id. On September 18, 2014, the plaintiff was found guilty on both the felony count of throwing bodily fluids on a public safety officer and the misdemeanor count of resisting arrest. Id.

ADA Griffin represented the State at the plaintiff's sentencing on October 8, 2014. Id. The court sentenced the plaintiff to fifteen months and six months, with the sentences to run consecutively. Id. The court ordered that the time the plaintiff already had served (from May 26, 2014, to October 8, 2014) was to be applied to the six-month sentence he received for resisting arrest. Id.

D.  Legal Analysis of Alleged Facts

"A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." Fields v. Wharrie, 672 F.3d 505, 510 (7th Cir. 2012) (citing Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). Whether an action falls under a prosecutor's prosecutorial duties depends upon the action's function. Fields, 672 F.3d at 510 (citations omitted). "The analysis hinges on whether the prosecutor is, at the time, acting as an officer of the court, as well as on his action's relatedness to the judicial phase of the criminal process." Id. Further, "[a]bsolute immunity extends beyond an individual prosecutor's decision to indict or try a case. The protection endeavors to preserve the functioning of the public office, and, thus, encompasses any action directly relevant to a prosecutor's ability to conduct a trial." Id.

Prosecutors do have job responsibilities that are not prosecutorial in nature. Id. at 511. "There exists a 'difference between [a prosecutor's] advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial … and [his] detective's role in search for the clues and corroboration that might give him probable cause to recommended that a suspect be arrested . . . .'" Id. (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). For actions that are not prosecutorial in nature, prosecutors are entitled only to the qualified immunity granted to other officials who share those duties. Fields, 672 F.3d at 511 (citations omitted).

7

The plaintiff alleges that Cerwin violated his constitutional rights when he conducted a felony trial without the complaining witness, allowed a witness to testify about a private medical procedure, did not turn over all evidence in the discovery phase of the case, and "allowed Officer Jachowicz to knowingly lie under oath and did not notify the court." Dkt. No. 1 at 3.

The plaintiff further alleges that Griffin violated his constitutional rights when he told the judge the plaintiff had three bail jumping convictions when the plaintiff had only two, when he argued for high bail even though he knew $5,000 was excessive for the nature of the allegations and the plaintiff's criminal history, and when he told the judge at sentencing that he wanted to know how the plaintiff beat an operating-while-intoxicated charge that was dismissed. Id. at 3-4. The plaintiff submits that Griffin also failed to turn over all evidence during the discovery phase of the case; specifically, he argues that Griffin did not produce a recording of the plaintiff's "incarceration" at the Cudahy police station. Id. at 3.

Finally, the plaintiff alleges that ADA Ballenger violated his constitutional rights when she made arguments regarding bail at the plaintiff's initial appearance, even though she knew $5,000 was excessive for the nature of the allegations and the plaintiff's criminal history. Id.

All of these actions by Cerwin, Griffin, and Ballenger were prosecutorial in nature, and thus the defendants are entitled under the law to absolute immunity for those actions.

The court also notes that the plaintiff listed in Section II of his complaint a "John Doe" and "Jane Doe" as defendants. They are not included in the caption, and there is no further mention of them anywhere in the complaint.

The court will not allow the plaintiff to proceed on any claims against any of the defendants mentioned in the complaint.

### III. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Because the court is dismissing the plaintiff's complaint, the plaintiff's motion to appoint counsel is moot. Dkt. No. 4.

### IV. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2). The plaintiff must pay $328.47 balance of the filing fee in full. 28 U.S.C. § 1915(b)(1). The plaintiff shall submit payments to:

Clerk of Court, Eastern District of Wisconsin
517 East Wisconsin Avenue
Room 362
Milwaukee, WI  53202

The plaintiff shall clearly identify the payments by the case name and number. The clerk's office accepts cash, personal and business checks, money orders, cashier's checks, and credit cards. Checks should be made payable "Clerk, US District Court."

The court **DENIES** the plaintiff's motion to postpone screening. Dkt. No. 10. The court **DENIES AS MOOT** the plaintiff's motion to appoint counsel. Dkt. No. 9.

The court **ORDERS** that this case is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The court orders the

9

clerk of court to enter judgment accordingly. The court also instructs the clerk of court to document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1), and thus that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

**I FURTHER CERTIFY** that if the plaintiff appeals from this decision, he would not file that appeal in good faith pursuant to 28 U.S.C. §1915(a)(3), unless he offers *bona fide* arguments supporting his appeal.

Dated in Milwaukee, Wisconsin this 22nd day of February, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge